## In re INTEREST ON CUSTOMER DEPOSITS HELD BY PUBLIC UTILITIES.

No. 6703-Rule.

Florida Public Service Commission.

March 14, 1969.

B. Kenneth Gatlin of Parker, Foster & Madigan, Tallahassee, for Florida Power Corporation.

Claude E. Locke, Ocala, for Florida Telephone Corporation.

Charles Coomes, Miami, for Florida Power & Light Co.

James L. Ghiotto, Tampa, for Tampa Electric Co.

Tom Pierce, Quincy, for Quincy Telephone Co.

Ivan Ball, Hialeah, for City Gas Co. of Florida.

W. L. Weeks, Chief Rate Counsel, and R. M. C. Rose, Tallahassee, for the commission staff and the public generally.

Chairman WILLIAM T. MAYO and Commissioner JESS YARBOROUGH participated in the disposition of this matter.

## BY THE COMMISSION.

This proceeding was commenced by show cause order no. 4382 entered in this docket proposing to amend the commission's rules 310-4.62(3) (formerly 310-4.15), 310-6.35, 310-7.19, 310-10.63 (4), and 310-11.01, which apply to telephones, electric, gas, water and sewer, and telegraph utilities, in the same sequence. The language in each of said rules is identical and recites as follows —

> Each public utility which requires deposits to be made by its customers shall pay a minimum interest on such deposits of 4% per annum. The deposit interest shall be simple interest in all cases where settlement is made annually, either in cash or by credit on the current bill. The interest shall be compounded in all cases where settlement is made only at the date the customer relationship is terminated. This does not prohibit any public utility paying a higher rate of interest than 4%, to settle on a cash or credit basis, and to make such settlement annually, or at the termination of the customer relationship. No customer depositor shall be entitled to receive interest on his deposit until and unless the customer relationship has been in existence for a continuous period of six months, then he shall be entitled to receive interest from the date of the commencement of the customer relationship.

Said order was served on all such utilities under the jurisdiction of the commission, reciting the following proposed identical amendment to each of the aforesaid rules —

> Each public utility which requires deposits to be made by its customers shall pay a minimum interest on such deposits of 6% per annum. The deposit interest shall be simple interest in all cases and settlement shall be made annually, either in cash or by credit on the current bill. This does not prohibit any public utility paying a higher rate of interest than 6%. No customer depositor shall be entitled to receive interest on his deposit until and unless the customer relationship has been in existence for a continuous period of six months, then he shall be entitled to receive interest from the date of the commencement of the customer relationship.

Also, it directed all such utilities to show cause within 20 days why the rules should not be amended as proposed. Pursuant to said order many of the utilities filed responses to the proposed amendment, many of them stating that they support the amendment with some in fact already paying 6% interest, with others principally supporting the amended rule with suggested changes in the language thereof for the purpose of clarifying the date a customer's interest would commence and still others responding in opposition to the proposed amendment with some suggesting

an interest figure of 5% instead of 6%. Subsequently, pursuant to notice, a public hearing was held in this cause on February 18, 1969 in the commission's hearing room in Tallahassee. The commission has given thorough and detailed consideration to the testimony adduced at the hearing and also the responses to the aforesaid show cause order and now proceeds to adopt an amendment to the aforesaid rules which it deems to be fair and reasonable and in the public interest.

Objections to the proposed increase from 4% to 6% on customers' deposits are based principally upon the position that interest on customer deposits should not exceed the interest paid by commercial banks or savings and loan associations on savings accounts. We cannot agree with this position, nor do we find it a proper analogy. Deposits in such savings institutions are made voluntarily whereas deposits made with utility companies are pursuant to their elective direction. Further, the commission recognizes that over a period of time there has been a substantial increase in the cost of money and the present 4% interest rate paid on customers' deposits is not commensurate with the current cost of money, which is recognized as being at 7% or higher.

Some objections were raised to the proposal that settlement of interest in all cases shall be made annually either in cash or by credit on the current bill, whereas the existing rule provides an alternative method in that settlements may be made annually or at termination of the customer relationship. It has come to the attention of the commission that in some instances an individual unit owner of a condominium or cooperative apartment pays the deposit to a legal entity which in turn makes a single deposit for the entire building complex. In some cases it appears that if the utility company chooses the alternative of paying interest only at the time the customer relationship is terminated, an individual unit owner who sells or otherwise moves may be confronted with the contention he is not entitled to receive the accrued interest inasmuch as, theoretically speaking, the customer relationship between the utility and the legal entity, which made a single deposit with the utility, has never terminated. The proposed amendment would remedy this situation.

One final issue was raised in this proceeding in which the commission finds merit, i.e., the language of the proposed amendment should be clarified to clearly reflect that interest would be computed from the date a deposit is actually made coupled with an in fact customer relationship. Apparently considerable time can

elapse between the date of the commencement of the customer's relationship and the date that a deposit is received or required by a utility company. Further, on occasions a customer will have services of a utility discontinued but demand that the utility company retain the deposit in anticipation of resuming service at a later date. For these reasons the commission finds that the last sentence of the proposed amendment to said rules as set out above should be revised as follows —

> No customer depositor shall be entitled to receive interest on his deposit until and unless a customer relationship and the deposit has been in existence for a continuous period of six months, then he shall be entitled to receive interest from the date of the commencement of the customer relationship and placement of deposit.

After careful consideration of the entire record in this matter and in consideration of the premises, the commission concludes that the proposed amendment, as revised, to the aforesaid rules should be approved and adopted in the interest of the utilities involved under the jurisdiction of this commission and in the public interest.

It is therefore ordered that the commission's Rule 310-4.62(3), Rule 310-6.35, Rule 310-7.19, Rule 310-10.63(4), and Rule 310-11.01, be and the same are each hereby amended so that each rule reads as follows —

> Each public utility which requires deposits to be made by its customers shall pay a minimum interest on such deposits of 6% per annum. The deposit interest shall be simple interest in all cases and settlement shall be made annually, either in cash or by credit on the current bill. This does not prohibit any public utility paying a higher rate of interest than 6%. No customer depositor shall be entitled to receive interest on his deposit until and unless a customer relationship and the deposit has been in existence for a continuous period of six months, then he shall be entitled to receive interest from the date of the commencement of the customer relationship and placement of deposit.

The general authority and law implementing amendment to each of the aforesaid rules is the same as that presently recited in Florida Administrative Code under each of the abovenamed rules, *except* that as to Rule 310-10.63(4), pertaining to water and sewer utilities, the general authority therefor is now §367.15(1)(f), Florida Statutes (1967).

It is further ordered that the amendments to the aforesaid rules shall be effective as of 12:01 A.M., April 1, 1969.